**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR MANUEL HERNANDEZ-ALCARAZ, AKA Hector Manuel Alcaraz, AKA Beto Gonzalez, AKA Alberto Gutierrez, AKA Alberto Hernandez, AKA Alberto Hector Hernandez, AKA Alberto NMN Hernandez, AKA Hector Hernandez, AKA Hector Manuel Hernandez, | No. 16-73805 |
| | Agency No. A205-314-583 |
| Petitioner, | |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018**

Before: CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Hector Manuel Hernandez-Alcaraz, a native and citizen of Mexico, petitions

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") denial of his motion to reopen for lack of jurisdiction, and denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Hernandez-Alcaraz's third motion to reopen as untimely and number-barred where the motion was filed more than three years after the BIA's final order, and he failed to establish any statutory or regulatory exception applies. *See* 8 U.S.C. § 1229a(c)(7); *see* 8 C.F.R. § 1003.2(c)(2), (3).

We lack jurisdiction to review the BIA's decision not to reopen sua sponte where Hernandez-Alcaraz fails to establish any legal or constitutional errors behind the decision. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error."); 8 C.F.R. § 214.14(c)(1)(ii) ("[a]n alien who is the subject of a final order of removal . . . is not precluded from filing a petition for U-1 nonimmigrant status directly with USCIS").

We do not consider the extra-record evidence submitted with Hernandez-

Alcaraz's petition for review. *See Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**